# In the United States Court of Federal Claims

No. 18-1839T
(Filed: April 11, 2019)

```
*****************************************
HAROLD KUPERSMIT,                       *
                                        *
                    Plaintiff,          *
                                        *
                                        *     Pro Se Plaintiff; RCFC 12(b)(1); Subject
        v.                              *     Matter Jurisdiction
                                        *
THE UNITED STATES,                      *
                                        *
                    Defendant.          *
*****************************************
```

Harold Kupersmit, Yardley, PA, appearing pro se.

Lauren Moore, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Chief Judge

This case arises out of pro se plaintiff Harold Kupersmit's efforts to recover money for the Internal Revenue Service's ("IRS") purported wrongdoing.  Specifically, Mr. Kupersmit alleges that he is entitled to compensation because of the IRS's fraud, arrogance, hubris, deceit, and greed.  Defendant moves to dismiss Mr. Kupersmit's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  As explained below, the court lacks jurisdiction to consider Mr. Kupersmit's claims.  Thus, the court grants defendant's motion and dismisses the complaint.

## I. BACKGROUND

Mr. Kupersmit and his spouse have a long-simmering dispute with the IRS concerning the levying of taxes, processing of appeals, and the imposition of filing restrictions.[1]  One issue

---

[1]  The court derives the allegations from Mr. Kupersmit's complaint and the petition for writ of certiorari that he incorporated by reference.  See Compl. 2 (requesting that the court obtain a copy of the filing in United States Supreme Court ("Supreme Court") case number 16-453 "by that little old lady from Bucks [County]"—an apparent reference to his wife, the petitioner); Petition for Writ of Certiorari ("Pet."), Kupersmit v. Comm'r, 137 S. Ct. 1137 (2017) (No. 16-453), 2016 WL 5864457.

raised by Mrs. Kupersmit in that dispute was "the inaccurate reporting of thoroughbred racetrack gambling activity for effective and accurate tax purposes." Pet. 1.

Mr. Kupersmit filed the instant lawsuit on November 26, 2018, using the "Pro Se Complaint Form" available on the court's website.[2] In the complaint's "Jurisdiction" section, he makes four assertions. First, he states that the IRS and the Commissioner of Internal Revenue have "committed fraud, arrogances, hubris, deceit, [and] greed." Compl. 1. Second, he contends that "all gamblers are due $100,000 damages." Id. Third, he avers that the United States District Court for the Eastern District of Pennsylvania ("District Court") "has refused to issue a valid docket [number]" for a case Mr. Kupersmit wished to file,[3] id., as reflected by a letter attached to his complaint in which the clerk of the District Court explained that she was returning Mr. Kupersmit's documents pursuant to a standing order precluding Mr. Kupersmit from filing a new complaint. Fourth, he asserts that the Supreme Court "has refused to intervene." Id.

In the "Statement of the Claim" section of the form complaint, Mr. Kupersmit directs the court to a petition for writ of certiorari filed in Supreme Court case number 16-453, which summarizes his ongoing dispute with the IRS and the Commissioner of Internal Revenue. Finally, in the complaint's "Relief" section, Mr. Kupersmit requests "gambler relief," "damages for $750M," and "any other relief this honorable court[] deems just, proper, [and] necessary." Id. at 3.

Defendant filed a motion to dismiss Mr. Kupersmit's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff subsequently filed a response in opposition to defendant's motion. Finding a reply from defendant and oral argument unnecessary, the court deems defendant's motion to be ripe for adjudication.

---

[2] Mr. Kupersmit attached an assortment of documents to his complaint, including (1) a confidential request for investigation form in which he asked the Pennsylvania Judicial Conduct Board for an ethics investigation of a deceased judge, (2) two motions, apparently filed in New Jersey state court, in which he requested an interlocutory appeal concerning his alleged violations of state traffic laws, (3) a letter from the clerk of the Superior Court of New Jersey's Appellate Division in which the clerk explained why he was returning documents to Mr. Kupersmit, (4) a motion for a more definitive statement he apparently filed in a Commonwealth of Pennsylvania Superior Court case, and (5) an ethics complaint against a Pennsylvania state senator-elect. Mr. Kupersmit, however, does not reference these documents in his complaint, and the court cannot discern how the materials relate to his allegations against the IRS.

[3] Mr. Kupersmit does not explain the subject matter of the lawsuit he wanted to file in the District Court.

## II.  LEGAL STANDARDS

### A.  RCFC 12(b)(1)

In determining whether subject matter jurisdiction exists, the court generally "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  With respect to a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, that the court possesses subject matter jurisdiction. Id.  However, the court is not limited to the pleadings in considering subject matter jurisdiction. Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014); Pucciariello v. United States, 116 Fed. Cl. 390, 400 (2014).  Further, the court has no subject matter jurisdiction over frivolous claims. Moden v. United States, 404 F.3d 1335, 1340-41 (Fed. Cir. 2005).  For example, there is no subject matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." Id. at 1341 (internal quotation marks omitted); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . .").  If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B.  Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted).  However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").  In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 179 (1936); Banks, 741 F.3d at 1277 (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### C.  Subject Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).  Subject matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868).  Therefore, it is "an inflexible matter that must be considered before proceeding

to evaluate the merits of a case." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015). Either party, or the court sua sponte, may challenge the court's subject matter jurisdiction at any time. Arbaugh, 546 U.S. at 506; see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

## D. The Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 298 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

## III. ANALYSIS

Defendant argues that the court should dismiss Mr. Kupersmit's complaint for lack of jurisdiction because he has not identified a money-mandating source for relief in the Court of Federal Claims. Instead, defendant observes, Mr. Kupersmit asserts claims based in tort or criminal conduct that are beyond this court's jurisdiction. Mr. Kupersmit responds that defendant's motion should be denied because he has alleged sufficient facts regarding IRS corruption, and the government has not provided any material facts that would overcome his allegations.

Mr. Kupersmit seeks "gambler relief" and $750 million based on facts set forth in his wife's petition for writ of certiorari. Although he did not identify what facts or claims in that petition he now seeks to litigate in this court, the court finds instructive his statements in the jurisdiction section of his complaint. Specifically, the court construes Mr. Kupersmit's statement that the IRS and its commissioner committed fraud, arrogance, hubris, deceit, and greed as the claims Mr. Kupersmit wants to litigate related to the petition. The court also identifies separate claims based on the District Court's decision to not issue a docket number for a case he wanted to litigate, and the Supreme Court's decision to not intervene in his favor.

The court begins with Mr. Kupersmit's claims derived from the petition—i.e., claims that the government and its agent committed fraud, arrogance, hubris, deceit, and greed. Federal courts cannot entertain claims of arrogance, hubris, and greed, and the Court of Federal Claims

lacks jurisdiction over claims of fraud and deceit because such claims sound in tort.  See 28 U.S.C. § 1491(a)(1); Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998) (noting that the Court of Federal Claims lack of jurisdiction over claims sounding in tort); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (explaining that the court lacks jurisdiction over fraud claims because they sound in tort); Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) (per curiam) (explaining that the court lacks jurisdiction over deception claims because they sound in tort).  Although claims of fraud and deceit may also be construed as claims of criminal conduct, the court lacks jurisdiction over criminal matters.  Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994).  The court also lacks jurisdiction over Mr. Kupersmit's claims to the extent that he is attempting to obtain relief from the IRS Commissioner because the court has "jurisdiction over suits against the United States, not against individual federal officials."  Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997); accord 28 U.S.C. § 1491(a)(1).  Finally, with respect to Mr. Kupersmit's claims concerning the the District Court's and Supreme Court's decisions, this court lacks jurisdiction to review those decisions.  See Joshua, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."); see also 28 U.S.C. § 1491; U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27 (1994) (explaining the importance of challenging adverse decisions through appeals rather than collateral attacks).

In sum, Mr. Kupersmit does not plead any claims within this court's jurisdiction.[4]

## IV.  CONCLUSION

For the reasons explained above, the court **GRANTS** defendant's motion to dismiss Mr. Kupersmit's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).  Mr. Kupersmit's complaint is **DISMISSED WITHOUT PREJUDICE**.  No costs.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge

---

[4]  To the extent that the documents Mr. Kupersmit filed with his complaint (other than the letter from the District Court Clerk) could be construed as reflecting his intention to allege additional claims, the court would lack jurisdiction over those claims because the materials do not pertain to any actions taken by the United States.  See 28 U.S.C. § 1491(a)(1) (limiting this court's jurisdiction to claims against the United States); accord Sherwood, 312 U.S. at 588 (stating, as to the United States Court of Claims—in relevant respects the predecessor to the Court of Federal Claims—that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court"); see also supra note 2 (reviewing the materials he submitted concerning various state court actions and ethics complaints against state officials).